# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-1289V
(Not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| NICOLE MACKEY, | |
|     Petitioner, | Filed: August 2, 2017 |
| v. | Decision by Stipulation; Influenza Vaccine; Parsonage Turner Syndrome; |
| SECRETARY OF HEALTH AND HUMAN SERVICES | Bursitis; Brachial Plexopathy |
|     Respondent. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DECISION

**HASTINGS, Special Master**.

    This is an action seeking an award under the National Vaccine Injury Compensation Program[1] on account of an injury suffered by Linda Barton. On August 1, 2017, counsel for both parties filed a Stipulation, stipulating that a decision should be entered granting compensation. The parties have stipulated that Petitioner shall receive the following compensation:

- a lump sum of $100,000.00, in the form of a check payable to Petitioner, representing compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).

    Under the statute governing the Program, as well as the "Vaccine Rules" adopted by this court, the special master must now enter a decision endorsing that stipulation, and the clerk must enter judgment, in order to authorize payment of the award. See § 300aa-12(d)(3)(A) and (e)(3); § 300aa-13(a); Vaccine Rules 10(a), 11(a).[2]

---

[1] The applicable statutory provisions defining the Program are found at 42 U.S.C. § 300aa-10 et seq. (2012 ed.). Hereinafter, for ease of citation, all "§" references will be to 42 U.S.C. (2012 ed.).

[2] The "Vaccine Rules of the United States Court of Federal Claims" are found in Appendix B of the Rules of the United States Court of Federal Claims.

I have reviewed the file, and based on that review, I conclude that the parties' stipulation appears to be an appropriate one. Accordingly, my decision is that a Program award shall be made to Petitioner in the amount set forth above. In the absence of a timely-filed motion for review of this Decision, the clerk shall enter judgment in accordance herewith.

**IT IS SO ORDERED.**

   /s/ George L. Hastings, Jr.
George L. Hastings, Jr.
Special Master

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| NICOLE MACKEY, )<br>)<br>Petitioner, )<br>) | |
| ) | No. 16-1289V |
| v. ) | **Special Master George Hastings** |
| ) | **(ECF)** |
| SECRETARY OF HEALTH AND ) | |
| HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

STIPULATION

The parties hereby stipulate to the following matters:

1. Nicole Mackey, petitioner, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the influenza ("flu") vaccine, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received her flu immunization on October 7, 2013.

3. The vaccine was administered within the United States.

4. Petitioner alleges that the flu vaccine caused her to develop Parsonage Turner Syndrome, shoulder injury related to flu vaccine, bursitis, brachial plexopathy, neuromuscular symptoms, tendonitis, brachial neuritis and neuropathy, and that she experienced the residual effects of this injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on her behalf as a result of her condition.

1

6. Respondent denies that the flu vaccine caused petitioner's shoulder injury, any other injury, or her current disabilities.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $100,000.00 in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 and any amount awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. In return for the payment described in paragraph 8 and any amount awarded pursuant to paragraph 9, petitioner, in her individual capacity and on behalf of her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccination administered on or about October 7, 2013, as alleged by petitioner in a petition for vaccine compensation filed on or about October 6, 2016, in the United States Court of Federal Claims as petition No. 16-1289V.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflects a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that flu vaccine caused petitioner's Parsonage Turner Syndrome, shoulder injury related to flu vaccine, bursitis, brachial plexopathy, neuromuscular symptoms, tendonitis, brachial neuritis and neuropathy, any other injury, or her current disabilities.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/

/

/

Respectfully submitted,

PETITIONER:

*[signature]*
NICOLE MACKEY

ATTORNEY OF RECORD FOR
PETITIONER:

*[signature]*
BRADLEY S. FREEDBERG, ESQ.
1888 Sherman Street, #200
Denver, CO  80203
(303) 892-0900

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

*Catharine E Reeves
by Heather Penn*
CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE OF
THE SECRETARY OF HEALTH AND
HUMAN SERVICES:

*[signature]*
NARAYAN NAIR, M.D.
Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
Health Resources and Services Administration
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD  20857

ATTORNEY OF RECORD FOR
RESPONDENT:

*[signature]*
CLAUDIA B. GANGI
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616 - 4138

Dated:  8-1-17

5